UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRADY CENTER TO PREVENT GUN VIOLENCE,

Plaintiff,

v.

BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS, *et al.*,

Defendants.

Civil Action No. 26-1980

**STATUS REPORT**

Pursuant to the Court's Minute Order dated August 23, 2026, Plaintiff Brady Center to Prevent Gun Violence ("Brady"), by and through undersigned counsel, hereby submits this status report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendants Bureau of Alcohol, Tobacco, and Firearms ("ATF") and the United States Department of Justice ("DOJ").[1]

This case involves one FOIA request that Plaintiff submitted to ATF on February 6, 2026, seeking all Demand Letter 2 ("DL2s")[2] issued by ATF to federal firearms licensees ("FFLs") to date in Fiscal Years 2017, 2019, 2020, 2021, and 2025. *See* Compl. ¶ 6. On February 23, 2026,

[1] Plaintiff regrets submitting a Plaintiff's Status Report instead of the Joint Status Report requested by the Court. After conferring throughout the evening on September 14, 2026, Plaintiff authorized opposing counsel to file the Joint Status Report on behalf of the Parties. As of the time of this filing, opposing counsel has not filed or responded to Plaintiff's subsequent offer to file on the Parties' behalf. To avoid the risk of potentially filing a Joint Status Report that opposing counsel has not authorized, Plaintiff files a Plaintiff's Status Report that Plaintiff believes represents the Parties' positions accurately.

[2] ATF sends DL2s to FFLs and pawnbrokers that sold 25 or more guns that were recovered by law enforcement in the preceding calendar year after having been associated with crimes within three years of their sale.

ATF informed Brady that it was withholding the requested letters in full under FOIA Exemptions 4, 6, and 7(C). *Id.* ¶ 17. On March 9, 2026, Brady administratively appealed ATF's determination to DOJ. *Id.* ¶ 19. Defendants have not reconsidered or withdrawn their full withholding.

**<u>Plaintiff's Position</u>:**

Brady disagrees with Defendants' withholding, at a minimum, on the grounds that the requested records do not contain exempt commercial information protected by Exemption 4, that the relevant businesses do not have personal privacy interests protected by Exemption 6 and 7(C), and that even if those businesses had cognizable privacy interests the public interest in disclosure would outweigh them.[3]

Summary judgment briefing will be required to resolve the Parties' disputes. Plaintiff respectfully proposes the following schedule:

a. Defendants' Motion for Summary Judgment: by October 12, 2026
b. Plaintiff's Opposition and Cross-Motion for Summary Judgment: by November 9, 2026
c. Defendants' Opposition and Reply: by November 25, 2026
d. Plaintiff's Reply: by December 7, 2026

Plaintiff is amenable to the Court setting a briefing schedule that falls in the middle of Plaintiff's and Defendants' proposed schedules. But after consenting to multiple extensions of Defendants' Answer deadline, and reaching out to Defendants multiple times since the Court's August 23, 2026, Minute Order to confer on a briefing schedule, Plaintiff only received Defendants' counter proposal after business hours on the day of this filing and thus could not

[3] Plaintiff does not presently have sufficient information to assess the adequacy or scope of the agency's search, but reserves all legal challenges pending review of the agency's declaration.

meaningfully confer. Plaintiff deems Defendants' proposed briefing schedule, which affords Defendants nearly three months to file their opening motion while affording Plaintiff four weeks over the winter holidays, to be clearly unreasonable. It is, moreover, unclear to Plaintiff why Defendants require so much time to prepare a declaration to support a categorical withholding of one type of document. Agencies routinely prepare declarations addressing redactions across dozens or hundreds of unique email communications in less time.

Pursuant to the Court's Standing Order in Civil Cases, Dkt No. 4, a party wishing to move for summary judgment must request that the Court schedule a pre-motion conference. Pursuant to the Court's August 23, 2026, Minute Order, the Court has scheduled an initial scheduling conference on September 22, 2026, at 2:00 p.m. If it would aid the Court's consideration, Plaintiff respectfully proposes using the already scheduled conference as the pre-motion conference.[4]

**Defendants' Position:**

In accordance with the Court's August 23, 2026 Minute Order that the parties shall confer and file a joint status report addressing (1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing any such documents; and (3) any substantive areas of disagreement between the parties, Defendants reiterate their response outlined in Defendant ATF's final response letter dated February 23, 2026, withholding in full 9,819 pages identified as responsive to Plaintiff's FOIA request. Defendants therefore do not propose a processing schedule. Defendants disagree with Plaintiffs regarding the applicability of Exemptions 4, 6 and 7(C).

[4] Plaintiff understands the Court's individual practice rules generally require a succinct statement of the initial movant's position before proceeding to summary judgment briefing. Plaintiff is, of course, willing to provide such a statement if helpful to the Court, but notes that Plaintiff's administrative appeal summarizes Plaintiff's positions on the available facts. Dkt No. 1 at 16-20.

Defendants respectfully request at least 60 days for the agency to draft and finalize a declaration necessary to support the Exemption 4, 6 and 7(C) withholdings as described in its final response. Defendant ATF has lost a significant number of staff in its Information and Privacy Governance Division, which processes FOIA requests received by ATF and therefore respectfully request that the Court enter the following briefing schedule:

Defendants shall file their Motion for Summary Judgment by December 3, 2026; Plaintiff shall file its cross-motion for summary judgment and combined response on or before January 4, 2026; Defendant shall file its combined response in opposition and reply on or before January 28, 2027; Plaintiff shall file its Reply on or before February 11, 2027.

Defendants do not object to utilizing the currently scheduled September 22, 2026 initial scheduling conference as a premotion hearing, however, respectfully request additional time to submit any premotion statement. Defendants respectfully request that any premotion statement be submitted no earlier than September 28, 2026, to afford Defendants an adequate time to meaningfully confer with the undersigned, draft, receive appropriate approvals, and finalize that statement.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Amy C. Vickery*
Amy C. Vickery
(admitted pro hac vice)*
Daniel A. McGrath
D.C. Bar #1531723
Ronald A. Fein
D.C. Bar No. 90026641
Robin F. Thurston
D.C. Bar #7268942
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

**Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the DC Bar.*

*/s/ Douglas N. Letter*
Douglas N. Letter
(Bar No. 253492)
Joshua B. Scharff
(Bar No. 999392)
Tess M. Fardon
(Bar No. 1618267)
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, D.C. 20002
(202) 370-8160
dletter@bradyunited.org
jscharff@bradyunited.org
tfardon@bradyunited.org

*Counsel for Plaintiff*