UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS, *et al.*,<br><br>Defendants. | Civil Action No. 26-1980 |

**DEFENDANTS' PREMOTION STATEMENT**

Pursuant to the Court's Minute Order dated September 15, 2026, Defendants United States Department of Justice ("DOJ"), and specifically, its component the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), respectfully submit this premotion statement in advance of the pre-motion conference scheduled for September 22, 2026.

On February 6, 2026, Plaintiff submitted a request pursuant to the Freedom of Information Act ("FOIA") seeking "all Demand Letter 2s ("DL2s") issued by ATF to federal firearms licensees (FFLs) to date in Fiscal Years 2017, 2019, 2020, 2021, and 2025." Compl. ¶ 6 (ECF No. 1). ATF expects to submit a declaration with its dispositive motion demonstrating that it conducted a reasonable search for the requested documents, identifying approximately 9,819 pages, properly made categorical exemptions to withhold the documents in full, and reasonably determined that no segregable information could be produced. On February 23, 2026, ATF issued a final response to Plaintiff's FOIA request informing Plaintiff that it was withholding in full all responsive documents pursuant to Exemptions 4, 6, and 7(C) of the FOIA. *See* Compl. Ex. 2 at 1.

As a threshold matter, Defendants' search was reasonable. Under the FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (noting that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed. *Greenberg v. Department of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998). Plaintiff does not appear to meaningfully contest the reasonableness of Defendants' search.

In terms of withholdings, ATF properly withheld in full information contained in the DL2s pursuant to Exemption 4 of the FOIA. That exemption applies to information that is (1) commercial or financial in character, (2) obtained from a person, and (3) privileged or confidential. 5 U.S.C. § 552(b)(4). The D.C. Circuit has held that the terms "commercial" and "financial" should be given their "ordinary meanings" and merely require that the submitter has a "commercial interest" in the records. *See Pub. Citizen Health Rsch. Grp. v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983) (citing *Wash. Post Co. v. Dep't of Health & Human Servs*., 690 F.2d 252, 266 (D.C. Cir. 1982) and *Bd. of Trade v. Commodity Futures Trading Comm'n*, 627 F.2d 392, 403 (D.C. Cir. 1980)). Commercial information, moreover, is information "that, in and of itself, demonstrably pertains to the exchange of goods or services or the making of a profit." *Citizens for Resp. & Ethics in Wash. v. Dept. of Just.,*58 F. 4th 1255, 1265 (D.C. Cir. 2023). _FOIA defines "person" to include "an individual, partnership, corporation, association, or public or private organization other than an agency." 5 U.S.C. § 551(2).

Here, the withheld Exemption 4 information is plainly "commercial or financial." DL2s are sent to federally licensed firearms dealers or pawnbrokers that sold 25 or more guns that were then later recovered by law enforcement entities in the preceding calendar year after having been associated with crimes within three years of their sale. Compl. ¶ 7. Essentially, the letters inform the seller that they are enrolled in the Demand Letter 2 Program, which requires them to report certain additional information to assist ATF in monitoring and tracking their future operations and firearm sales. *Id.*

The withheld information also is "confidential" under Exemption 4. Confidential information is information that "is customarily kept private, or at least closely held, by the person imparting it"; or (2) "the party receiving it provides some assurance that it will remain secret." *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 434 (2019). Defendants will demonstrate that submitters of the DL2s, businesses such as licensed firearms dealers and pawnbrokers, that provided the commercial information contained in the forms, customarily and actually treat it as confidential.

Finally, to the extent a showing of foreseeable harm is necessary to justify the application of Exemption 4, Defendants will additionally demonstrate that release of the forms would result in foreseeable harm to the submitter's economic or business interests and will harm ATF's ability to conduct investigations by dissuading the voluntary sharing of information to investigators, which is an interest protected by the exemption. *See WP Co. v. SBA*, Civ. No. 20-1240 (JEB), 2021 WL 5881972, at *3 (D.D.C. Dec. 13, 2021) (business or economic interests are protected by Exemption 4); *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 768 (D.C. Cir. 1974) (observing that one purpose of Exemption 4 is "encouraging cooperation with the Government").

ATF also withheld personally identifying information pertaining to third parties and law enforcement personnel, including names and phone numbers, pursuant to FOIA Exemption 6 in conjunction with 7(C), and Exemption 7(C). FOIA Exemption 7(C) protects "records or information compiled for law enforcement purposes" when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "Exemption 7(C) . . . is 'somewhat broader' than Exemption 6, which requires proof of a 'clearly unwarranted invasion of personal privacy.'" *Roth v. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Where the information in question was compiled for law enforcement purposes, courts "have no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." *Id.* Under both Exemptions 6 and 7(C), the agency must engage in a balancing test to determine whether the public interest in disclosure is outweighed by a significant private interest in non-disclosure. *See Am. Immigr. Lawyers Ass'n v. Exec. Off. for Immigr. Review*, 830 F.3d 667, 673–74 (D.C. Cir. 2016).

Clearly, the records here were compiled for a law enforcement purpose, specifically, they notify federally licensed firearms sellers that they are subject to future monitoring through ATF's firearms sales tracking program. Such forms are an investigative tool used by ATF to gather information used to take further enforcement action, if necessary. Further, disclosure of such information would likely cause harm to the privacy interest protected by Exemptions 6 and 7(C). Indeed, "[a]s a result of Exemption 7(C), . . . FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information," *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) (citing cases), including the names of "investigators, suspects, witnesses, . . . informants," *Schrecker v. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003), and

public employees. *Bast v. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981); *accord CREW v. Dep't of Justice*, 746 F.3d 1082, 1092 (D.C. Cir. 2014). It is well-established that law enforcement personnel, witnesses, and sources have "an obvious privacy interest cognizable under Exemption 7(C) in keeping secret the fact that they were [part] of a law enforcement investigation." *Nation Magazine, Wash. Bureau v U.S. Customs Serv.*, 71 F.3d 885, 894 (D.C. Cir. 1995) (citations omitted). There is no public interest in the withheld information, whereas disclosure of the sellers might make them targets of harassing inquiries for unauthorized access to investigations. *Id.* Plaintiff has not articulated how the withheld information would contribute significantly to the public's understanding of the operations or activities of the ATF or the DL2 program.

Lastly, Defendants, "entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," will demonstrate that the documents withheld could not be reasonably further segregated. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). In summary, Defendants have fully complied with the FOIA and plan to establish that they are entitled to summary judgment in their favor.

Dated: September 18, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Tara Derbisz*
TARA DERBISZ
D.C. Bar #252597
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 809-0784
Tara.derbisz@usdoj.gov

*Attorneys for the United States of America*