UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS, *et al.*,<br><br>Defendants. | Civil Action No. 26-1980 (RDM) |

**PLAINTIFF'S PRE-MOTION STATEMENT**

Pursuant to the Court's Minute Order dated September 15, 2026, Plaintiff Brady Center to Prevent Gun Violence ("Brady"), by and through undersigned counsel, submits this statement briefly setting forth the anticipated bases for its motion for summary judgment and opposition to Defendants' motion for summary judgment.

In sum, Brady believes that Defendant Alcohol, Tobacco, and Firearms' ("ATF") full withholding of letters sent to gun dealers seeking additional information under Exemptions 4, 6, and 7(C) is improper and cannot be sustained because the letters *to* private businesses do not contain confidential commercial information, those businesses do not have cognizable personal privacy interests under Exemptions 6 and 7(C), and even if they had protectable privacy interests the public interest in disclosure would outweigh them. Accordingly, ATF has, on multiple occasions, previously released such letters to Brady with little to no information redacted.

**I. Background**

Brady submitted a FOIA request to ATF on February 6, 2026, seeking all Demand Letter 2 ("DL2s") issued by ATF to federal firearms licensees ("FFLs") to date in Fiscal Years 2017,

2019, 2020, 2021, and 2025. *See* Compl. ¶ 6, Dkt. No. 1. As Brady explained in its request, ATF sends DL2s to FFLs and pawnbrokers that sold 25 or more guns that were recovered by law enforcement in the preceding calendar year after having been associated with crimes within three years of their sale. Dkt. No. 1, Ex. 1, at 9-10. ATF has previously responded to Brady's FOIA requests for DL2s by releasing them with no or few redactions.[1]

On February 23, 2026, ATF informed Brady that it was withholding the requested letters in full under FOIA Exemptions 4, 6, and 7(C). *Id.* ¶ 17. On March 9, 2026, Brady administratively appealed ATF's determination to DOJ. *Id.*, Ex. 3, at 16-20. In the parties' September 14, 2026, status report, Defendants stated that they "reiterate their response outlined in Defendant ATF's final response letter dated February 23, 2026" and disagreed with Plaintiffs' challenge to "the applicability of Exemptions 4, 6, and 7(C)." Dkt. No. 19 at 3.

## II. The Inapplicability of Exemption 4 to DL2s

DL2s are letters *from* ATF, a federal agency, to particular businesses (FFLs). The letters are sent to seek additional data from those businesses that sold short time-to-crime guns that were recovered by law enforcement in higher than typical quantities. These letters do not contain confidential commercial information obtained from businesses. Exemption 4, thus, does not shield these records from disclosure. Defendants admit that Plaintiff's request seeks letters sent *to* firearms dealers but say that they will show the "submitters of DL2s" "provided commercial information contained in the forms" that support their blanket full withholding. Defs.' Pre-motion Statement, Dkt. No. 20, at 3. This makes little sense.

[1] The requests that Brady's undersigned counsel references here include ATF Requests 2023-00387 (all DL2s issued in FY 2022), 2023-01438 (all DL2s issued in FY 2023), 2024-01606 (all DL2s issued in FY 2024), 2024-00052 (DL2s issued to a specific Georgia FFL), and 2023-00258 (DLs issued to a specific Minnesota FFL).

For Exemption 4 to apply, information must either be a "trade secret" or information that is "commercial or financial," obtained from a person, and "privileged or confidential." 5 U.S.C § 552(b)(4). "[T]rade secret[s]" must meet the narrow definition of being "a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." *Pub. Citizen Health Rsch. Grp. v. FDA*, 704 F.2d 1280, 1288 (D.C. Cir. 1983). To be protected "commercial" information, information must "serve[] a 'commercial function' or [be] of a 'commercial nature.'" *Citizens for Resp. & Ethics in Wash. v. DOJ*, 58 F.4th 1255, 1267 (D.C. Cir. 2023) (citation omitted) (contractors' identities were not "commercial" information solely because their disclosure could have commercial consequences and explaining Exemption 4 does not protect information that "indirectly concerns the exchange of goods or services or the making of a profit"). Letters sent *by* a federal agency to a business seeking additional data, like the DL2s requested here, cannot reasonably be considered "commercial" in nature. Nor does the mere fact of their inclusion in the program, which is discernable from the letters, meet this standard because it reveals only indirectly that the businesses sold more than a threshold number of firearms that were subsequently recovered by law enforcement. This information, discernible from implication from the agency's action, is scarcely "commercial" in nature.

Further, for even "commercial" information to be withheld under Exemption 4, it must be "privileged or confidential." In *Food Marketing Institute v. Argus Leader Media*, the Supreme Court held that for information to be "confidential" it must at least be information that is "customarily kept private, or at least closely held, by the person imparting it." 588 U.S. 427, 443-444 (2019). The DL2s here do not directly disclose any information created or held by the FFLs. Instead, the DL2s reveal information developed externally by ATF. The only information provided

by FFLs that would be indirectly revealed by the DL2s is the fact that the recipients had sold firearms. That is plainly not confidential information for a firearms dealer. This conclusion is reinforced by the fact that ATF previously disclosed these letters routinely. This shows that the information that they reflect has not been "customarily kept private" or "closely held" but has instead been repeatedly subject to public disclosure. The DL2s, thus, contain neither "commercial" nor "confidential" information in any plausible sense.

### III. Any FFL Privacy Interests Are Not Protectible Under Exemptions 6 and 7(C)

DL2s are letters to FFLs who are, nearly exclusively, businesses. FFL recipients of DL2s are generally, by definition, "engage[d] in the business of . . . dealing in firearms" under 18 U.S.C. § 923(a). Exemption 6 and 7(C) protect only "personal privacy" interests. The Supreme Court has explicitly held that businesses do not have protectable "personal privacy" interests under FOIA. *FCC v. AT&T, Inc*., 562 U.S. 397 (2011). Accordingly, the privacy protections of Exemptions 6 or 7(C) are irrelevant to FFLs. Even though Plaintiff raised this issue in its administrative appeal, Defendants still fail to address *FCC*'s dispositive holding. *See* Defs.' Pre-motion Statement, at 4-5. Instead, Defendants cite these exemptions' protection of "law enforcement personnel" and "witnesses and sources," *id*., but those categories of individuals with "personal" privacy interests are plainly distinct from the businesses receiving DL2s. To the extent courts have recognized a limited exception to this general rule (generally in cases that predate *FCC*) to allow the recognition of protectable privacy interests for closely held businesses, such privacy interests were only recognized as protectible when the requested information would disclose an owner's personal financial information. *See Consumers' Checkbook Ctr. for the Study of Servs. v. HHS*, 554 F.3d 1046, 1051 (D.C. Cir. 2009). The disclosure of a federal agency's letter to a firearms dealer

requesting additional information in no way plausibly discloses that dealer's personal financial information.

**IV. FFL Privacy Interests Would be Outweighed by the Public Interest**

Exemption 6 and 7(C) require the weighing of any protectable privacy interest against the public interest in disclosure. The exemptions may be overcome when "the public interest sought to be advanced is a significant one" and "the information is likely to advance that interest." *NARA v. Favish*, 541 U.S. 157, 158, 172 (2004). Even if the FFLs receiving the DL2s at issue here had protectable personal privacy interests under Exemptions 6 and 7(C), the public interest in disclosure of these important records would outweigh those privacy interests.

As Brady explained in its request, disclosure of the DL2s would shed important public light on ATF's operation of the DL2 program and would allow for public scrutiny of ATF's use of its other oversight authorities, like its conduct of inspections. The disclosure of these records would also shed light more broadly on the number of FFLs selling large quantities of crime guns within a short period over a span of different years, which informs the public about the general efficacy of ATF's oversight and enforcement efforts over that period. In all these ways, the records provide crucial, specific information about agency efforts related to an issue of life-and-death. By contrast, even if FFLs' privacy interests were cognizable, the disclosure of these letters would only show that a particular FFL was one among many that received a request for additional information in light of having passed a particular threshold in the number of firearms sold that were subsequently recovered by law enforcement.

***

Plaintiff maintains that, for the broad reasons above, it believes that Defendants' position that the requested letters to firearms dealers are fully exempt is insupportable.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Amy C. Vickery*
Amy C. Vickery
(admitted pro hac vice)*
Daniel A. McGrath
D.C. Bar #1531723
Ronald A. Fein
D.C. Bar No. 90026641
Robin F. Thurston
D.C. Bar #7268942
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

**Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the DC Bar.*

*/s/ Douglas N. Letter*
Douglas N. Letter
(Bar No. 253492)
Tess M. Fardon
(Bar No. 1618267)
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, D.C. 20002
(202) 370-8160
dletter@bradyunited.org
tfardon@bradyunited.org

*Counsel for Plaintiff*